UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 14-163 |
| RYAN DAVIN MANNING | SECTION: "J" (5) |

## ORDER & REASONS

Before the Court is a *Motion for Compassionate Release* **(Rec. Doc. 79)** filed by Defendant Ryan Davin Manning. The Government opposes the motion (Rec. Doc. 85). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED WITHOUT PREJUDICE**.

## FACTS AND PROCEDURAL BACKGROUND

Manning pleaded guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute 100 grams or more of heroin. On January 21, 2015, he was sentenced to 192 months of imprisonment, within his guidelines range, and a four-year term of supervised release.[1] His projected release date is November 12, 2026.

Manning filed the instant motion on or about May 21, 2020.[2] He is 43 years old and contends that he is eligible for compassionate release because he has served over half of his sentence, had no disciplinary actions against him, and suffers from asthma, a bleeding ulcer, and an enlarged heart. He asserts that he contracted COVID-19,

---

[1] Manning was sentenced by Chief Judge Kurt Engelhardt; his case was transferred to the undersigned upon Judge Engelhardt's appointment to the Fifth Circuit.
[2] *See Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006) (explaining prison mailbox rule).

which the Government has confirmed with his health records. As an additional basis for compassionate release, Manning asserts that upon release he will live with his mother, who he maintains is sick and elderly but does not specify her condition, to help take care of her as well as his children.

The Government opposes the motion for compassionate release, primarily on the ground that Manning has failed to exhaust his administrative remedies by filing a compassionate release request with the Bureau of Prisons ("BOP"). Although Manning's motion includes a copy of a compassionate release request addressed to the warden of his facility, the Government asserts that BOP records do not show this request was ever received by the warden. Additionally, the request is dated May 19, 2020, only two days prior to Manning's filing of the instant motion.

## LEGAL STANDARD

"A court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). To meet the exhaustion requirement, a defendant must submit a request to "the warden of the defendant's facility" for the BOP "to bring a motion [for compassionate release] on the defendant's behalf." § 3582(c)(1)(A). If the request is denied, the defendant must pursue and exhaust "all administrative rights to appeal"; alternatively, the requirement is met "30 days from the receipt of such a request by the warden." *Id.*

## DISCUSSION

Considering the foregoing, the Court finds that Manning has not met the exhaustion requirement. He does not assert that he has filed a request for compassionate release with the warden of his facility, and the Government contends that the BOP does not have any record of Manning filing a compassionate release request. Even if Manning had filed the request attached to his motion on the listed date, he would not have met this requirement because he must then wait 30 days before filing a motion with this Court. Because the Government has timely objected to Manning's failure to exhaust, this requirement is not subject to waiver or forfeiture. *See United States v. Alam*, ___ F.3d ___, 2020 WL 2845694, at *3 (6th Cir. June 2, 2020).

Thus, the Court will deny Manning's motion without prejudice. He may refile his motion after first making a compassionate release request with the warden of his facility and either waiting 30 days or exhausting his administrative rights to appeal the denial of his request.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Manning's *Motion for Compassionate Release* **(Rec. Doc. 79)** is **DENIED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 16th day of June, 2020.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

3