UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 14-163 |
| RYAN DAVIN MANNING | SECTION: "J" (5) |

### ORDER & REASONS

Before the Court is a *Motion for Compassionate Release* **(Rec. Doc. 87)** filed by Defendant Ryan Davin Manning. The Government opposes the motion (Rec. Doc. 96). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED.**

### FACTS AND PROCEDURAL BACKGROUND

Manning pleaded guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute 100 grams or more of heroin. On January 21, 2015, he was sentenced to 192 months of imprisonment, within his guidelines range, and a four-year term of supervised release.[1] His projected release date is February 2, 2027.

In July 2015, Manning filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the Court dismissed without prejudice. (Rec. Doc. 71). In March 2019, Manning filed a motion to reduce his sentence under the First Step Act, which this Court denied. (Rec. Doc. 77). In May 2020, Manning filed a Motion for Compassionate Release, which the Court denied without prejudice for failure to meet the exhaustion

---

[1] Manning was sentenced by Chief Judge Kurt Engelhardt; his case was transferred to the undersigned upon Judge Engelhardt's appointment to the Fifth Circuit.

requirement. (Rec. Doc. 86).

Manning filed the instant motion on or about November 13, 2023. (Rec. Doc. 87). The United States then moved to have the motion transferred to the 821 Committee, and the 821 Committee confirmed that the motion was not a request for Amendment 821 relief. (Rec. Doc. 91). The Court then ordered the Government respond to the motion, and the Government filed its opposition on February 15, 2024. (Rec. Doc. 96).

In the instant motion, Manning contends that he is eligible for compassionate release because (1) he argues that his prior convictions no longer qualify him as a career offender, so his guidelines range should be drastically reduced, (2) his post-sentencing conduct demonstrates he is now ready to return to society as a law-abiding member, and (3) his 79-year-old mother is in need of his aid because she has been paralyzed since the age of 36 from a gun-shot wound. (Rec. Doc. 87, at 1-2). In response, the Government argues (1) that the United States Sentencing Commission does not have authority to include "unusually long sentences" as an "extraordinary and compelling circumstance" justifying a sentence reduction; (2) that the Fifth Circuit declined to adopt Eleventh Circuit precedent that would exclude him as a career offender; and (3) that Manning does not claim any extraordinary and compelling circumstances for sentence reduction. (Rec. Doc. 95). The government also contends that, even if Manning could establish an extraordinary and compelling circumstance, he failed to demonstrate that he merits release under the applicable §

3553(a) factor: whether he is a danger to the safety of any other person or to the community. *Id.* at 22-25.

## LEGAL STANDARD

"A court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). To meet the exhaustion requirement, a defendant must submit a request to "the warden of the defendant's facility" for the BOP "to bring a motion [for compassionate release] on the defendant's behalf." § 3582(c)(1)(A). If the request is denied, the defendant must pursue and exhaust "all administrative rights to appeal"; alternatively, the requirement is met "30 days from the receipt of such a request by the warden." *Id.*

Once a defendant has exhausted their administrative remedies, the Court may then reduce the defendant's term of imprisonment if it finds that extraordinary and compelling reasons warrant a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). This reduction must be consistent with applicable policy statements of the Sentencing Commission. *Id.* Section 3582(c)(1)(A)(i)'s use of "extraordinary and compelling" captures the truly exceptional cases that fall within no other statutory category and sets "an exceptionally high standard for relief." *United States v. McCoy*, 981 F.3d 271, 287-88 (4th Cir. 2020). The defendant has the burden to demonstrate the extraordinary and compelling reasons supporting her release. *See United States v.*

3

*Washington*, No. CR 16-19, 2020 WL 4000862, at *3 (E.D. La. July 15, 2020). The U.S. Sentencing Guidelines provide that a reduction should be granted only if "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2) (p.s.). If the Court grants a sentence reduction, it may impose a term of supervised release with conditions, including home confinement, "that does not exceed the unserved portion of the original term of imprisonment." § 3582(c)(1)(A).

## DISCUSSION

There is no dispute that Defendant has met the exhaustion requirement, so the Court will evaluate the merits of his motion.

Because of Manning's two prior drug convictions, he was deemed a career offender at sentencing for the instant offense: conspiracy to possess with intent to distribute heroin. Manning claims that, if he were sentenced today, he would not be considered a career offender and thus should be granted compassionate release. (Rec. Doc. 87-1, at 2). Manning cites to an Eleventh Circuit opinion, *United States v. Dupree*, for the assertion that conspiracy to possess with intent to distribute heroin no longer qualifies as a predicate offense for the career offender statute. *Id.* (citing 57 F.4th 1269 (11th Cir. 2023)).

In *Dupree*, the Eleventh Circuit held that a defendant charged with conspiracy to possess with intent to distribute heroin and cocaine did not qualify for the career offender sentencing enhancement under § 4B1.2(b) of the Sentencing Guidelines. 57 F.4th at 1280. The *Dupree* court found that the text of the career offender statute excluded all inchoate offenses: attempt, conspiracy, and solicitation. *Id.* at 1279. The

court also refused to defer to the Guidelines commentary, which supplements the plain text of § 4B1.2(b) by adding inchoate crimes, thus overruling its prior precedent deferring to the commentary. *Id.* at n.9.

However, as the Government points out, Eleventh Circuit precedent is not binding on this Court, and the Fifth Circuit recently declined to follow *Dupree*. (Rec. Doc. 96, at 20). In *United States v. Vargas*, the Fifth Circuit expressly rejected the *Dupree* holding; instead, it held that the text of and § 4B1.2(b) and the commentary, which includes conspiracies and attempts as a controlled substance offense, were not inconsistent and the definition of a controlled substance offense does not clearly exclude conspiracies and attempts. 74 F.4th 673, 686 (5th Cir. 2023), cert. denied, No. 23-5875, 2024 WL 674897 (U.S. Feb. 20, 2024). Thus, in this case, binding precedent requires this Court to find that Manning's charged inchoate offense qualifies as a controlled substance offense, and his sentence was properly enhanced by his criminal history.

Next, Manning argues that the § 3553(a) factors weigh in favor of reducing his sentence. (Rec. Doc. 87-1, at 4). Specifically, he details his rehabilitation while in prison (including his enrollment in GED classed and his employment as a cook) and the health of his family (his mother's paralysis and age and his son's seizures). *Id.* at 3-5. While the Court finds Manning's efforts in prison to be admirable, his rehabilitation alone is not sufficiently "extraordinary or compelling" to warrant a sentence reduction, because rehabilitation is "expected, not extraordinary." *United States v. Carrera*, No. 14-367, 2023 WL 1070609, at *4 (N.D. Tex. Jan. 27, 2023); *see*

5

*United States v. Hughes*, No. 4:18-CR-46(25), 2022 WL 2483720, at *4 (E.D. Tex. July 6, 2022) (and cases cited therein). Indeed, in advising the Sentencing Commission to define "extraordinary and compelling reasons," Congress provided just one restriction: "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994. Additionally, when a defendant has not shown that a family member is incapacitated or that the defendant is the only available caretaker, courts in the Fifth Circuit have declined to find extraordinary and compelling reasons justifying compassionate release. *See United States v. Rodriguez*, 2021 WL 1978830, at *2 (S. D. Tex. May 17, 2021). Accordingly, the Court finds that neither Manning's rehabilitation nor his desire to care for his family are the type of circumstances allowing this Court to reduce his sentence.

Even if the Court were to find that Manning's circumstances presented extraordinary and compelling reasons to grant compassionate release, he has not met his burden to demonstrate that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Section 3142(g) requires the Court to consider factors such as the nature and circumstances of the charged offense, the history and characteristics of the defendant, and the nature and seriousness of the danger to any person or the community at large that would be posed by the defendant's release. 18 U.S.C. § 3142(g). Manning was responsible for at least 100 grams but less than 400 grams of heroin during the charged drug conspiracy. (PSR; Rec. Doc. 47, at 7). Prior to committing the instant offense, he was also convicted of two separate drug offenses involving possession with

6

intent to distribute crack and heroin, as well as for being a felon in possession of a firearm. *Id.* at 10-14. In addition to his career offender status related to those drug offenses, Manning accumulated 14 criminal history points. Accordingly, the Court finds that the nature and circumstances of the instant offense, combined with Manning's history of offenses involving controlled substances offenses demonstrate that he may be a danger to the community if released. *See United States v. Mazur*, 457 F. Supp. 3d 559 (E.D. La. 2020); *cf. United States v. Perdigao*, 07-103, 2020 WL 1672322, at *4 (E.D. La. Apr. 2, 2020) (holding that the defendant was not a danger to the community, because although he pled guilty to a number of serious crimes, none were crimes of violence or offenses involving controlled substances).

Finally, the Government states that Manning argued in the instant motion that he received an unusually long sentence according to the Guidelines amendments. Manning presented no such argument in his motion, so the Court declines to address the Government's arguments as to this issue, as well as the Government's related arguments as to the extent of the Sentencing Commission's authority and constitutionality. Accordingly,

## CONCLUSION

**IT IS HEREBY ORDERED** that Manning's *Motion for Compassionate Release* **(Rec. Doc. 87)** is **DENIED**.

New Orleans, Louisiana, this 29th day of February, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

7